**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **DANITA PETTIS,** | : | **CASE NO. _____** |
| | | **JUDGE_____** |
| **PLAINTIFF,** | : | |
| | | |
| **V.** | : | **COMPLAINT WITH** |
| | | **JURY DEMAND** |
| **CITY OF CINCINNATI, OHIO** | : | |
| | | |
| **AND** | | |
| | : | |
| **TERESA A. THEETGE** | | |
| **IN HER PERSONAL CAPACITY** | : | |
| | | |
| **DEFENDANTS.** | : | |

_____

**INTRODUCTION**

This is an action for damages and injunctive relief based upon Plaintiff's claims of race discrimination, sex discrimination and retaliation in brought under of Section 1 of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause") and 42 U.S.C. § 1983 et seq. ("Section 1983"), race discrimination and retaliation in violation of the Equal Protection Clause and 42 U.S.C. § 1981 et seq. ("Section 1981"), retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and race discrimination, sex discrimination and retaliation under Ohio Revised Code §§ 4112.02 and 4112.99.

1

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction in this case under Section 1983 (42 U.S.C. § 1983 et seq.), Section 1981 (42 U.S.C. § 1981), Title VII (42 U.S.C. Sec. 2000 et seq.) and 28 U.S.C. § 1331.

2.     Venue is proper in the Southern District of Ohio, Western Division at Cincinnati because it is the location where the claims as set forth herein arose.

**PARTIES**

3.     Plaintiff is a resident of Cincinnati, Ohio and an employee of Defendant. Plaintiff exhausted her administrative remedies by timely filing charges of race discrimination, sex discrimination and retaliation under Ohio Revised Code §§ 4112.02 and 4112.99, with the Ohio Civil Rights Commission, and filing a charge of retaliation with the Equal Employment Opportunity Commission.  Plaintiff received Right to Sue notices from the Ohio Civil Rights Commission on or after December 20, 2024, and October 31, 2025, and a Right to Sue Notice from the Equal Employment Opportunity Commission on or after March 12, 2026.  The notices are attached hereto as Exhibits A, B and C.

4.     Defendant, City of Cincinnati, Ohio (hereinafter referred to as "City"), is a municipality located in Hamilton County, Ohio.  The City is subject to liability under Section 1981 for discriminating and retaliating against Plaintiff due to her race in violation of the Equal Protection Clause.  The City is subject to liability for race discrimination, sex discrimination and retaliation perpetrated against Plaintiff under the color of law under Section 1983 in violation of the Equal Protection Clause.  The City is subject to liability for retaliation under Title VII.  The City is subject to liability for race

2

discrimination, sex discrimination and retaliation under Ohio Revised Code §§ 4112.02 and 4112.99.

5.     Defendant, Teresa A. Theetge (hereinafter referred to as "Theetge"), is a resident of Hamilton County, Ohio. At all times relevant to this action, Theetge was employed by the City as its Police Chief. At all times relevant, Theetge's acts as alleged in this Complaint were perpetrated under the color of Ohio law. Theetge is being sued in her personal capacity in this action under Section 1981 for race discrimination and retaliation in violation of the Equal Protection Clause, and Section 1983 for discriminating against Plaintiff on the basis of her sex and race and retaliation under the Equal Protection Clause.

## FACTUAL BACKGROUND

6. Plaintiff has been employed by the City since on or about January 10, 1999.

7. Plaintiff's race is African American and her sex is female.

8. At all times relevant to this action, Plaintiff was the highest ranking African American female in the City's Police Department.

9. Plaintiff participated in legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.

10. Plaintiff's legally protected activities consisted of: 1.) Making an internal complaint to the City in July 2023, that Theetge denied Anthony Peters, a Caucasian Police Officer, a special assignment and selected a less qualified African American Police Officer for the special assignment due to that officer's race; 2.) Making an internal

3

complaint to the City's Director of Human Resources on July 28, 2026, that Theetge discriminated her due to her race and retaliated against her due to her  charge of discrimination with the Ohio Civil Rights Commission; 3.) Filing two charges of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission against the City in 2024, captioned as DAY76(004775)02022024 (Amended);22A-2024-02857 and DAY76(005317)03022024;22A-2024-02858; and 4.) Lodging three (3) internal complaints of unlawful discrimination based on sex, race and/or retaliation in 2024, with the City.  The complaints were made on or about February 29, 2024, March 4, 2024 and May 21, 2024.

11.    On May 8, 2024, Plaintiff was placed under investigation due to false accusations by the Theetge and the City.  The false accusations were made by Theetge and the City and Theetge and the City placed Plaintiff under investigation due to her sex, race and in retaliation for her legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.  The City and Theetge, acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983, by intentionally discriminating and retaliating against Plaintiff by violating her right to equal protection of the law under the Equal Protection Clause.

12.    On May 13, 2024, Plaintiff was denied the right to have her attorney attend an Internal Investigations interview, in violation of her union contract, due to her sex, race and in retaliation for her legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and

4

4112.99.  The City and Theetge, acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983, by intentionally discriminating and retaliating against Plaintiff by violating her right to equal protection of the law under the Equal Protection Clause.

13.  On May 19, 2024, Plaintiff was referred to as a "misandrist" in a CPD Form 17 Intradepartmental Correspondence.  The individual who referred to Plaintiff as a "misandrist" was not held accountable for the statement due to Plaintiff's sex, race and in retaliation for her legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.  The City and Theetge, acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983, by intentionally discriminating and retaliating against Plaintiff by violating her right to equal protection of the law under the Equal Protection Clause.

14.  On July 15, 2024, Plaintiff was transferred from her assignment as Captain and Commander of District 2, to a supervisory position in the City's Police Department Records Section.  The position to which she was transferred did not supervise any Police Officers, did not require the rank of Police Captain and was considered less desirable and less prestigious than her former position as Captain and Commander of District 2.  The transfer also resulted in a reduction in pay because Plaintiff did not have opportunities to earn overtime pay in the Records Section.  The City and Theetge transferred Plaintiff due to her sex, race and in retaliation for her legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.  The City and Theetge, acted under the color of the laws, customs

and usages of the State of Ohio, within the meaning of Section 1981 and 1983, by intentionally discriminating and retaliating against Plaintiff by violating her right to equal protection of the law under the Equal Protection Clause.

15.  A Pre-Disciplinary Hearing was held on July 30, 2024.  Lt.Col. Aaron Jones retaliated against Plaintiff by denying her the right to have a union representative attend the hearing in violation of CPD Manual of Rules and Regulations Section 9.14.  During this Hearing, Lt.Col. Jones also retaliated against Plaintiff by making a recommendation during the hearing that her employment be terminated.  Lt.Col. Jones took these actions due to her sex, race and in retaliation for her legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.  The City and Theetge, acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983, by intentionally discriminating and retaliating against Plaintiff by violating her right to equal protection of the law under the Equal Protection Clause.  Lt.Col. Jones acted at the direction of the City and Theetge.

16.  Frank C. McKinley, the City's Fire Chief, at the time, served as the hearing officer for Plaintiff's Pre-Disciplinary Hearing on July 30, 2024.  Chief McKinley issued a recommendation to Theetge based on evidence presented at the hearing.  Chief McKinley did not recommend that Plaintiff's employment be terminated.

17.  On November 22, 2024, Plaintiff interviewed for the position of Assistant Chief of Police.

18. Despite Chief McKinley's recommendation, on December 6, 2024, Theetge

6

recommended to Sheryl Long, City Manager, that Plaintiff's employment be terminated. Theetge recommended that Plaintiff be terminated as a means of intentionally discrimination due to her sex, race and in retaliation for her legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.  The City and Theetge, acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983, by intentionally discriminating and retaliating against Plaintiff by violating her right to equal protection of the law under the Equal Protection Clause.

19. On December 11, 2024, the City terminated Plaintiff's employment as a means of discriminating against Plaintiff due to her sex, race and in retaliation for her legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.  The City and Theetge, acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983, by intentionally discriminating and retaliating against Plaintiff by violating her right to equal protection of the law under the Equal Protection Clause.

20.  The actions by the City and Theetge, as set forth above interfered with Plaintiff's ability to perform her job duties and caused Plaintiff to suffer severe mental and emotional distress.

21. The actions by the City and Theetge, as set forth above in Paragraphs 11-19 were perpetrated for the purpose of harassing Plaintiff. These actions were part of a continuing pattern of severe and pervasive harassment in the workplace which began prior to April 2024 and continued through her termination in December 2024, resulting in

7

Plaintiff being subjected to a hostile work environment due to her sex and race and in retaliation for complaining of sex and race discrimination and retaliation for complaining of sex and race discrimination.

22.  By terminating Plaintiff's employment, the City and Theetge acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983, when they intentionally discriminated against Plaintiff due to her sex, race and in retaliation for her legally protected activities, in violation of the Equal Protection Clause, by denying Plaintiff the opportunity to compete for a promotion to the position of Assistant Chief of Police.  Plaintiff was the only African American female candidate in the Assistant Chief of Police promotional process.

23.  Similarly-situated Caucasian employees, male employees and employees who had not engaged in legally protected activities under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99, were treated more favorably than Plaintiff.

24.  Plaintiff grieved her termination under her collective bargaining agreement. An arbitrator found that the City did not establish that Plaintiff was terminated for "just cause: and ordered the City to reinstate Plaintiff's employment and to compensate her for all lost wages.

25. The City and Theetge, acted under the color of the laws, customs and usages of the State of Ohio, within the meaning of Section 1981 and 1983 intentionally discriminated and retaliated against Plaintiff by violating her right to equal protection of the law under the Fourteenth Amendment to the United States Constitution by subjecting her to race and sex discrimination. The City and Theetge also subjected Plaintiff to a

hostile work environment, including taking unwarranted disciplinary action against her due to Plaintiff's sex, race and in retaliation for her legally protected activities under Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.

26.  As a direct and proximate result of Plaintiff being discriminated and retaliated against, Plaintiff has suffered injuries in the form of loss of earnings, incurred attorneys' fees, and sustained other damages.  The City provided information to the media which caused irreparable harm to Plaintiff's personal and professional reputation when it falsely accused Plaintiff of discourtesy, interference with an investigation and dishonesty.

27. The actions of Defendant were wanton and malicious and/or in reckless disregard for Plaintiff's statutory and common law rights under the Equal Protection Clause, Section 1981, Section 1983, Title VII and Ohio Revised Code §§ 4112.02 and 4112.99.

## FIRST CLAIM FOR RELIEF

28.  Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 27, as if fully rewritten herein.

29.  The actions of Defendant constitute race discrimination in violation of Section 1 of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause") and 42 U.S.C. § 1983 et seq. ("Section 1983), in that Defendants acted under the color of state law.

## SECOND CLAIM FOR RELIEF

30. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 29, as if fully rewritten herein.

31. The actions of Defendant constitute sex discrimination in violation of Section 1 of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause") and 42 U.S.C. § 1983 et seq. ("Section 1983), in that Defendants acted under the color of state law.

## THIRD CLAIM FOR RELIEF

32. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 31, as if fully rewritten herein.

33. The actions of Defendant constitute retaliation in violation of Section 1 of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause") and 42 U.S.C. § 1983 et seq. ("Section 1983), in that Defendants acted under the color of state law.

## FOURTH CLAIM FOR RELIEF

34. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 33, as if fully rewritten herein.

35. The actions of Defendant constitute race discrimination in violation of Section 1 of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause") and 42 U.S.C. § 1981 et seq. ("Section 1981), in that Defendants acted under the color of state law.

## FIFTH CLAIM FOR RELIEF

10

36. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 36, as if fully rewritten herein.

37. The actions of Defendant constitute retaliation in violation of Section 1 of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause") and 42 U.S.C. § 1981 et seq. ("Section 1981), in that Defendants acted under the color of state law.

## SIXTH CLAIM FOR RELIEF

38. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 37, as if fully rewritten herein.

39. The actions of Defendant constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

## SEVENTH CLAIM FOR RELIEF

40. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 39, as if fully rewritten herein.

41. The actions of Defendant constitute race discrimination in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

## EIGHTH CLAIM FOR RELIEF

42. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 41, as if fully rewritten herein.

43. The actions of Defendant constitute sex discrimination in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

11

## NINTH CLAIM FOR RELIEF

44.     Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 43, as if fully rewritten herein.

45.     The actions of Defendant constitute retaliation in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

WHEREFORE, Plaintiff demands the following:

A.     Lost wages, fringe benefits, and compensatory damages in an amount exceeding $75,000.00;

B.     Punitive damages in an amount exceeding $75,000.00;

C.     Attorney fees and costs of this suit;

D.     Equitable relief; and

E.     Other relief that this Court may determine to be appropriate.

Respectfully submitted,

/s/***Jason P. Matthews***

Jason P. Matthews-#0073144
Jason P. Matthews, LLC
130 West Second Street, Suite 924
Dayton, OH  45402
P. (937) 608-4368 F. 1-888-577-3589
jason@daytonemploymentlawyers.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on her legal claims.

/s/ ***Jason P. Matthews***
Jason P. Matthews